IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | CASE NO. 4:24-CR-225 |
| LUIS DURAN MONTILLA, ET AL. | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO GOVERNMENT MOTION TO CERTIFY CASE AS COMPLEX

On behalf of four of the five defendants,[1] Mr. Chicas Alfaro opposes the Government's premature motion to certify this case as complex. *See* Government's Motion to Certify Case as Complex and for a Continuance ("U.S. Mot."), Dkt. 65. Mr. Chicas Alfaro also opposes the Government's open-ended request for a continuance of unknown duration. The Court should deny the Government's motion for two reasons: (1) it is premature, and (2) it fails to provide a sufficient basis for its requests.

### I.  Background

The Government arrested four of these five defendants on April 4, 2024, *see* Docket Entries (arrests on 04/04/2024), and a grand jury indicted all five on April 30, 2024. Indictment, Dkt. 47. To date, the Government has not provided any discovery to the defendants.

---

[1] Undersigned counsel confirmed that Defendants Duran Montilla, Figueroa Pedraza, and Martinez-Morales join this opposition. Defendant Marcano takes no position.

## II. Legal Authority

The Speedy Trial Act "generally requires a trial to begin within 70 days of the filing of an information or indictment or the defendant's initial appearance, 18 U.S.C. § 3161(c)(1), but the Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006). Much of the Act's flexibility is furnished by [§ 3161(h)(7)], which governs ends-of-justice continuances. *Id.* at 498.[2]

But when Congress wrote the Act, it "saw a danger that [ends-of-justice] continuances could get out of hand and subvert the Act's detailed scheme." *Id.* at 508–09. As a result, the ends-of-justice exception "was meant to be a 'rarely used' tool." *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989). It was written narrowly "to eliminate the practice of granting continuances as a matter of course." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983).

The Government moves for a complex designation under § 3161(h)(7)(B)(ii) based on "the number of defendants and the nature of the prosecution." U.S. Mot. at 1, 6. Under that statutory provision, a case may be

---

[2] The *Zedner* Court analyzed a prior version of the Act, which is why it referred to the pertinent section as § 3161(h)(8). In 2008, the subsection was redesignated as (h)(7). Pub. L. No. 110–406 § 13(3) (2008). The text of the subsection, however, did not change.

"so unusual or so complex" that the "ends of justice served by [delaying trial] outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A), (B)(ii).

Even so, an ends-of-justice continuance does not exclude time under the Speedy Trial Act "unless the court sets forth, in the record of the case, either orally or in writing, its reasons." § 3161(h)(7)(A). And the court must determine the necessary length of any delay based on specific facts in the record. *United States v. Jones*, 56 F.3d 581, 586 (5th Cir. 1995); *see also United States v. Gonzales*, 137 F.3d 1431, 1434–35 (10th Cir. 1998) (district court erred by failing to inquire about "how much time the prosecutor actually needed to prepare for trial and [not asking] what preparations he had already made").

### III. Argument

The Government's motion is premature and fails to provide sufficient grounds to declare this case complex or grant a continuance of undetermined duration. The Government cites two bases for declaring this case complex: "the number of defendants and the nature of the prosecution." U.S. Mot. at 6. But at present, there are only five defendants, and little is known about the nature of this prosecution.

***Number of defendants.*** The Government has indicted five defendants, but it says an unspecified number of "additional individuals" may be indicted "in the next several weeks." U.S. Mot. at 4. It also says that "approximately

10 other individuals … are under investigation … and … may be indicted in this case." U.S. Mot. at 4. At present, the possibility of additional defendants is merely speculative, as is the possibility that their indictment would render this case "so unusual or so complex," § 3161(h)(7)(B)(ii), as to justify a continuance of indeterminate length.[3] The Government offers no evidence that five (or more) defendants make this case "so complex" as to require delay. "Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." *United States v. Toombs*, 574 F.3d 1262, 1271–72 (10th Cir. 2009) (reversing district court's denial of a Speedy Trial Act motion to dismiss).

***Nature of the prosecution.*** At present, this case is far from the "so unusual or so complex" threshold necessary to justify an ends-of-justice continuance. § 3161(h)(7)(B)(ii). If the Government were to identify discrete steps it needs to take and reasonable estimates of how long that would take, a continuance might be justified. But so far, it offers mainly speculation and

---

[3] If the Government intends to drag this prosecution out while it investigates and indicts additional defendants, Mr. Chicas Alfaro may move to sever his case from those defendants to safeguard his right to a speedy trial. *See United States v. Eversole*, 783 F. Supp. 2d 972 (S.D. Tex. 2011) (Hittner, J.) (cited by the Government as an example of continuances based on complexity, U.S. Mot. at 4). In *Eversole*, the court granted one defendant's motion to continue, but it also granted the other defendant's motion to sever so that defendant could proceed to a speedy trial. *Id.* at 973.

4

describes a relatively standard street-level case with only a moderate amount of discovery.

The Government's motion is premature and full of speculation. For instance, the Government says the volume of evidence may "grow substantially" as it continues its investigation. U.S. Mot. at 5. It says certain seized phones "will *likely* provide important evidence," and the "contents of those phones will *likely* be voluminous." *Id.* (emphasis added). Other people "are under investigation" and "*may be* indicted in this case." *Id.* at 4 (emphasis added). And the Government's choice of witnesses "will *likely* require lengthy coordination and logistical efforts." *Id.* at 6. The Government also refers to "[m]ultiple recorded jail calls,"[4] which are for a person "whose exact connection to the case is, at present, undetermined." *Id.* at 5. All that speculation does not provide a valid basis to delay trial.

In terms of discovery's volume, this case so far appears relatively standard for criminal cases in this district. At present, the Government says there are "[o]ver 100 reports of investigation" and some "attachments, *at least some* of which are voluminous." *Id.* (emphasis added). There are also "[a] number of law enforcement body camera recordings" — the Government does

---

[4] Does "multiple" here mean three, thirty-three, or more? The Government does not say.

not say how many or how long they are — and a few other types of evidence. *Id.* at 5–6 (emphasis added).

In short, this case is nothing like others where the Government has cited the volume of discovery as grounds for delay. *See United States v. Murta*, No. 23-20276, 2024 U.S. App. LEXIS 419, at *17 (5th Cir. Jan. 5, 2024) (unpublished) (7.6 million pages of discovery); *United States v. Cardenas-Guillen*, No. B-00-118-S1-01, 2007 U.S. Dist. LEXIS 16542, at *5 (S.D. Tex. Mar. 8, 2007) (Tagle, J.) (finding case complex based on "over one hundred witnesses [to be called] at trial," "thousands of relevant intercepted conversations," "more than fifty consensual recordings of conversations," and more).[5]

---

[5] The Government cites *United States v. Bieganowski*, 313 F.3d 264, 283–84 (5th Cir. 2002), U.S. Mot. at 4, but that prosecution was not like this one. *Bieganowski* involved a trial that "lasted nearly two months," following an investigation that lasted "almost four years" and "involved thousands of medical and financial documents." The defendants "were charged in a twenty-three-count indictment with a series of offenses arising from a complex scheme to … defraud insurance companies." *Id.* at 269. The evidence included proof of "the creation and submission of fraudulent bills" and other documents, as well as money laundering through various clinics and a Mexican corporation set up by the conspirators. *Id.* at 270.

As the *Bieganowski* court noted, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 285 (quoting *Barker v. Wingo*, 92 S. Ct. 2182, 2192–93 (1972)). This case falls much closer to the "ordinary street crime" than the "serious, complex conspiracy" in *Bieganowski*. *See* U.S. Mot. at 1–2 (referring to the "brutality," rather than complexity, of these allegations).

6

To the extent that the Government requests delay to allow it more time to investigate its case, the Speedy Trial Act does not contemplate delay on those grounds. The Act does include a provision permitting delay for evidence collection, but it only applies when the evidence is in a foreign country. 18 U.S.C. § 3161(h)(8).

If the Government presents an amended motion detailing *specific* reasons for a *specific* length of delay, the defendants may reconsider their opposition. But on this record, the motion should be denied. *See Cardenas-Guillen*, 2007 U.S. Dist. LEXIS 16542, at *5 (Tagle, J.) (denying joint motion to "certify" case as complex, which "would effectively operate as an open-ended continuance," but granting a continuance of limited duration based on a joint articulation of "a specific period of time in which [the parties] reasonably expect[ed] to be able to effectively prepare" for trial).

Mr. Chicas Alfaro maintains his request for a speedy trial under both the Speedy Trial Act and the Sixth Amendment.

                                  Respectfully submitted,

By _/s/ Joshua Lake_
JOSHUA LAKE
Texas Bar No. 24129249
**KHALIL & LAKE**
4200 Montrose Blvd., Suite 440
Houston, Texas 77006
713.904.4477
joshua@klfirm.law

**CERTIFICATE OF SERVICE**

On May 15, 2024, I am filing the foregoing pleading with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record.

*/s/ Joshua Lake*
JOSHUA LAKE